# EXHIBIT B

|         |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
|---------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| From:   | Catherine Mattes                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| To:     | Reig, Eimeric; Baton, William C.; Sullivan, Sarah A.; Lucia, Jamie L.; Moses, David L.; Nick Cerrito; Eric Stops; Evangeline Shih; Andrew Chalson; "aminsogna@jonesday.com"; Jeffrey Matthews; "jpelsevier@jonesday.com"; "sjcorr@jonesday.com"; "llogiudice@jonesday.com"; Lizza, Charles M.; Lyndsey Przybylski; Ross Misskelley; Robert Wilson; Park, Sam; Warner, Kevin E.; Lin, Sharon; Liza M. Walsh (lwalsh@walsh.law); Hector D. Ruiz (hruiz@walsh.law); Joseph Linares (jlinares@walsh.law); Pratt, Patricia A.; Cary Miller |
| Subject:| RE: Abraxis BioScience, LLC, et al. v. Actavis LLC, C.A. No. 16-1925 (D.N.J.)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
| Date:   | Monday, March 06, 2017 3:59:15 PM                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   |

Counsel,

Based on the parties' communications and discussions to date, Celgene's position is that Actavis's proposed amendments do not satisfy the requirements of Local Patent Rule 3.7.

Nonetheless, in the interest of compromise, Celgene would not oppose Actavis's proposed amendments regarding secondary considerations (specifically, the amendments on pages 37-49 and 136-147 of Actavis's proposed Amended Invalidity Contentions), if Actavis agrees to withdraw the remainder of its proposed amendments.

If Actavis does not agree to this compromise, Celgene reserves the right to oppose all of Actavis's proposed amendments.

Please let us know how Actavis intends to proceed.

Regards,
Catherine


**Catherine Mattes**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7567 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
CatherineMattes@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Reig, Eimeric [mailto:EReigPlessis@winston.com]
**Sent:** Friday, February 17, 2017 3:16 PM
**To:** Catherine Mattes <catherinemattes@quinnemanuel.com>; Baton, William C. <WBaton@saul.com>; Sullivan, Sarah A. <ssullivan@saul.com>; Lucia, Jamie L. <jlucia@saul.com>; Moses, David L. <dmoses@saul.com>; Nick Cerrito <nickcerrito@quinnemanuel.com>; Eric Stops <ericstops@quinnemanuel.com>; Evangeline Shih <evangelineshih@quinnemanuel.com>; Andrew

Chalson <andrewchalson@quinnemanuel.com>; 'aminsogna@jonesday.com' <aminsogna@jonesday.com>; Jeffrey Matthews <jeffreymatthews@quinnemanuel.com>; 'jpelsevier@jonesday.com' <jpelsevier@jonesday.com>; 'llogiudice@jonesday.com' <llogiudice@jonesday.com>; Lizza, Charles M. <clizza@saul.com>; Lyndsey Przybylski <lyndseyprzybylski@quinnemanuel.com>; Ross Misskelley <rossmisskelley@quinnemanuel.com>; Robert Wilson <robertwilson@quinnemanuel.com>
**Cc:** Park, Sam <SPark@winston.com>; Warner, Kevin E. <KWarner@winston.com>; Lin, Sharon <SLin@winston.com>; Liza M. Walsh (lwalsh@walsh.law) <lwalsh@walsh.law>; Hector D. Ruiz (hruiz@walsh.law) <hruiz@walsh.law>; Joseph Linares (jlinares@walsh.law) <jlinares@walsh.law>; Pratt, Patricia A. <PPratt@winston.com>
**Subject:** RE: Abraxis BioScience, LLC, et al. v. Actavis LLC, C.A. No. 16-1925 (D.N.J.)

Catherine,

Thanks for your email. We did not state that Actavis is seeking only to amend its contentions regarding secondary considerations. Rather, we clarified that the local rules do not require any contentions on secondary considerations.

With respect to the other proposed additions, these are not "brand new defenses" as suggested in your email. Actavis previously contended that the '260 patent is invalid under §§ 103 and 112, among other reasons, and that the '788, '536, and '229 patents are invalid under §§ 102, 103, and 112, among other reasons. Actavis's proposed amendment introduces no new prior art and no new statutory bases for invalidity.

Rather, Actavis's amendment regarding §§ 102, 103, and 112 plainly responds to contentions that Celgene raised in its responses to Actavis's initial contentions, and thus relates to issues Actavis had already raised, and as to which Celgene is already on notice. While we do not believe these additional details are required, and in any event fall well within the permitted scope of expert discovery regardless of whether they are added to Actavis's contentions, we are proposing to include them in the contentions now in the interest of full disclosure and narrowing disputed issues.

Courts routinely allow amendments in analogous circumstances—particularly where, as here, the litigation is at an early stage and there is no prejudice. *E.g.*, *TFH Publications v. Doskocil Mfg.*, 705 F. Supp. 2d 361, 366 (D.N.J. 2010) ("Rule 3.7 'is not a straitjacket into which litigants are locked from the moment their contentions are served'"); *AS Am. v. Masco Corp.*, 2013 WL 4084237, *3 (D.N.J. 2013) (same); *Janssen Pharm. v. Sandoz*, 2012 WL 12903176, *4 (D.N.J. 2012) ("good faith" and even "[i]nadvertence can substantiate a finding of good cause"); *Chemfree v. J. Walter*, 2008 U.S. Dist. LEXIS 93376, *13 (N.D. Ga. 2008) ("Because Defendants included these references in their prior invalidity contentions, Plaintiff was already on notice that Defendants would rely on these references in seeking to invalidate the patents-in-suit.… [The] amended invalidity contentions merely explain in more detail their reliance on these prior art references."); *Kilopass Tech. v. Sidense Corp.*, 2012 U.S. Dist. LEXIS 72675, *7-8 (N.D. Cal. 2012) (allowing amendments during expert discovery "based on previously disclosed and charted prior art references").

Finally, the '788 patent's invalidity for double patenting over the '229 patent concerns a developing area of the law. For example, *after* Actavis served its initial contentions, a court invalidated a patent

in similar circumstances, and that decision is on appeal.  *Janssen Biotech v. Celltrion Healthcare*, 2016 WL 5724668 (D. Mass. Sept. 29, 2016).

We look forward to Celgene's response to Actavis's request.

Regards,
Eimeric


**Eimeric Reig**
Winston & Strawn LLP
D: +1 (202) 282-5508
winston.com



**From:** Catherine Mattes [mailto:catherinemattes@quinnemanuel.com]
**Sent:** Wednesday, February 15, 2017 10:55 AM
**To:** Reig, Eimeric <EReigPlessis@winston.com>; Baton, William C. <WBaton@saul.com>; Sullivan, Sarah A. <ssullivan@saul.com>; Lucia, Jamie L. <jlucia@saul.com>; Moses, David L. <dmoses@saul.com>; Nick Cerrito <nickcerrito@quinnemanuel.com>; Eric Stops <ericstops@quinnemanuel.com>; Evangeline Shih <evangelineshih@quinnemanuel.com>; Andrew Chalson <andrewchalson@quinnemanuel.com>; 'aminsogna@jonesday.com' <aminsogna@jonesday.com>; Jeffrey Matthews <jeffreymatthews@quinnemanuel.com>; 'jpelsevier@jonesday.com' <jpelsevier@jonesday.com>; 'llogiudice@jonesday.com' <llogiudice@jonesday.com>; Lizza, Charles M. <clizza@saul.com>; Lyndsey Przybylski <lyndseyprzybylski@quinnemanuel.com>; Ross Misskelley <rossmisskelley@quinnemanuel.com>; Robert Wilson <robertwilson@quinnemanuel.com>
**Cc:** Park, Sam <SPark@winston.com>; Warner, Kevin E. <KWarner@winston.com>; Lin, Sharon <SLin@winston.com>; Liza M. Walsh <lwalsh@walsh.law> <lwalsh@walsh.law>; Hector D. Ruiz (hruiz@walsh.law) <hruiz@walsh.law>; Joseph Linares (jlinares@walsh.law) <jlinares@walsh.law>; Pratt, Patricia A. <PPratt@winston.com>
**Subject:** RE: Abraxis BioScience, LLC, et al. v. Actavis LLC, C.A. No. 16-1925 (D.N.J.)

Eimeric,

Celgene is reviewing Actavis's proposed amendments and will get back to you as soon as possible.  In the meantime, it appears that Actavis is proposing to add brand new defenses pertaining to §§ 102, 103, and 112 that are not addressed in your email.  In other words, the proposed amendments do not relate solely to "additional details regarding secondary considerations," as your email suggests.  Can you please explain your basis for proposing these new defenses?  More broadly, for all of the proposed amendments, can you please explain why Actavis believes it is appropriate to make these amendments at this time?

Thanks,
Catherine

**Catherine Mattes**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7567 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
CatherineMattes@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Reig, Eimeric [mailto:EReigPlessis@winston.com]
**Sent:** Thursday, February 09, 2017 12:00 AM
**To:** Catherine Mattes <catherinemattes@quinnemanuel.com>; Baton, William C. <WBaton@saul.com>; Sullivan, Sarah A. <ssullivan@saul.com>; Lucia, Jamie L. <jlucia@saul.com>; Moses, David L. <dmoses@saul.com>; Nick Cerrito <nickcerrito@quinnemanuel.com>; Eric Stops <ericstops@quinnemanuel.com>; Evangeline Shih <evangelineshih@quinnemanuel.com>; Andrew Chalson <andrewchalson@quinnemanuel.com>; 'aminsogna@jonesday.com' <aminsogna@jonesday.com>; Jeffrey Matthews <jeffreymatthews@quinnemanuel.com>; 'jpelsevier@jonesday.com' <jpelsevier@jonesday.com>; 'llogiudice@jonesday.com' <llogiudice@jonesday.com>; Lizza, Charles M. <clizza@saul.com>; Lyndsey Przybylski <lyndseyprzybylski@quinnemanuel.com>; Ross Misskelley <rossmisskelley@quinnemanuel.com>; Robert Wilson <robertwilson@quinnemanuel.com>
**Cc:** Park, Sam <SPark@winston.com>; Warner, Kevin E. <KWarner@winston.com>; Lin, Sharon <SLin@winston.com>; Liza M. Walsh (lwalsh@walsh.law) <lwalsh@walsh.law>; Hector D. Ruiz (hruiz@walsh.law) <hruiz@walsh.law>; Joseph Linares (jlinares@walsh.law) <jlinares@walsh.law>; Pratt, Patricia A. <PPratt@winston.com>
**Subject:** Abraxis BioScience, LLC, et al. v. Actavis LLC, C.A. No. 16-1925 (D.N.J.)

Counsel,

Actavis writes to request Plaintiffs' consent to amend its invalidity contentions. For convenience, a redline showing Actavis's amendment is attached.

To be clear, while Actavis is disclosing additional details regarding secondary considerations, we do not believe such contentions are required under the local rules. Nevertheless, in the interest of full disclosure, and given the prominent role of alleged secondary considerations in the prosecution of the asserted patents and in Celgene's response to Actavis's initial contentions, we are addressing secondary considerations in greater depth in these amended contentions.

Actavis's proposed amendment does not add any prior art or require any additional production of documents, and Actavis is not amending the claim charts included with its original contentions. *See*,

*e.g.*, *Noven Pharms., Inc. v. Watson Pharms.*, No. 11-5997-DMC-MF, Dkt. 49 (June 13, 2012) (Falk, M.J.) ("parties are often permitted to amend their contentions when the amendment is sought early in the litigation, and it will not unduly prolong the case or unfairly prejudice the nonmoving party").

Please let us know whether Plaintiffs consent to the proposed amendment, and we can prepare a draft stipulation. We are available to meet and confer if necessary.

Regards,
Eimeric

**Eimeric Reig**
Winston & Strawn LLP
D: +1 (202) 282-5508
winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.